IDEAL PACKING COMPANY, INC., Respondent, vs. MARACHOWSKY STORES COMPANY, Appellant.

*March 7—April 5, 1950.*

For the appellant there was a brief by *Rubin & Ruppa,* attorneys, and *Nathan Ruppa* and *Norman W. Wegner* of counsel, all of Milwaukee, and oral argument by *Nathan Ruppa.*

*Irving A. Lowe* and *A. L. Skolnik,* both of Milwaukee, for the respondent.

BROWN, J.  On appeal defendant concedes that in 1938 the defendant corporation and Portage Wholesale Company procured credit from the plaintiff by agreeing to be jointly and severally liable to pay for plaintiff's meat which was thereafter sold at retail in defendant's stores, but defendant submits that this obligation was terminated in 1939 or 1940 after which liability for payment was that of Portage Wholesale Company, alone.  Whether this change was made is the sole issue in the case and it was one of fact for the trial court. The court found against the defendant's contention and unless such finding is contrary to the great weight and clear preponderance of the evidence the judgment must be affirmed.

The testimony vital to the issue is that of Jule Marachowsky, and is not contradicted.  He testified that before 1937 he and his father, A. Marachowsky, as partners, owned and

operated a chain of retail stores. In 1937, they incorporated the business as Marachowsky Stores Company and a short time later decided to separate the wholesale from the retail functions and organized Portage Wholesale Company to procure at wholesale the merchandise which Marachowsky Stores Company afterward sold at retail. The officers and stockholders of the two corporations were some half-dozen members of the Marachowsky family. Both corporations used the same employees and facilities, and Marachowskys who were technically officers or employees of Portage Wholesale Company, only, were active in the actual management and control of Marachowsky Stores Company. During the period when the rights involved in the present action were established Jule was an officer and employee of both corporations. As such he made the admitted joint and several promise in 1938. In 1939 or 1940, he testified, he directed plaintiff to bill Portage Wholesale Company for the meat furnished Marachowsky Stores Company. As he described it: "The reason for the change in billing at that time was so that the Portage Wholesale Company would bill the individual stores at a markup or a profit." Thereafter plaintiff rendered bills to and received its payments from Portage Wholesale Company until the defaults occurred which produced the present action. Portage Wholesale Company is now bankrupt. Marachowsky testified that he did not change the credit agreement which he made with the plaintiff in 1938 and repeatedly testified that the change in billing was to accommodate the dealings between the two corporations in which he was interested.

Counsel submits the alteration in billing and payment proves that the joint and several obligation of the defendant was terminated and thereby Portage Wholesale Company became the sole obligor. As we have noted, there is no testimony that such was the purpose or intent of the change and it certainly does not follow that such was its effect as

a matter of law. We conclude that the evidence sustains the findings of fact by the learned trial court and its judgment must be affirmed.

*By the Court.*—Judgment affirmed.